# EXHIBIT C

Exhibit C

7/18/2019 9:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35225436
By: C Ougrah
Filed: 7/18/2019 9:31 AM

CAUSE NO._____

| | | |
|---|---|---|
| ARTHUR AMBS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW comes ARTHER AMBS ("Plaintiff"), who files Plaintiff's Original Petition against Allstate Vehicle and Property Insurance Company ("Allstate"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES & SERVICE

2.      Plaintiff is the named insured under a policy issued by the Defendant, Allstate. Plaintiff is a resident of Texas.

3.      Allstate is an insurance company that engages in the business of insurance in Texas. The insurance business done by Allstate in Texas includes, but is not limited to, the following: taking and receiving applications for insurance; receiving and collecting premiums; and issuing insurance policies to consumers of this state, including Plaintiff.  Allstate's company profile page on the Texas of Department of Insurance lists C T Corporation System as its registered agent.

Allstate may therefore be served by certified mail, return receipt requested, to C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 or wherever else it may be found.

### III.
### JURISDICTION & VENUE

4.      This is a civil matter in which the amount in controversy is more than five hundred dollars ($500.00), exclusive of interest.  Jurisdiction is thus proper in a District Court of Harris County, Texas, and it is also proper pursuant to Art. V, Sec. 8 of the Texas Constitution.

5.      Venue is appropriate in Harris County, Texas because all or part of the conduct giving rise to the causes of action were committed in Harris County, Texas and the property which is the subject of this suit is located in Harris County, Texas.  Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

6.      Plaintiff has a policy with Allstate bearing policy number 838367337 ("Policy"). The Policy insures the property located at 9619 Colleen Road, Houston, TX 77080-1224 ("Property").  The Policy insured the Property on a replacement cost basis for $185,000.00 and is subject to a $3,700.00 Windstorm and Hail deductible.  The Policy insures against all "direct physical loss or damage to Covered Property at the premises described in Declarations caused by or resulting from any Covered Cause of Loss."  The Policy defines a covered cause of loss as all risks of direct physical loss unless excluded or limited by the Policy.

7.      Plaintiff filed a claim for Windstorm and Hail damage against his Policy sold to him by Allstate.  There is no dispute that these are in fact covered perils under the Policy.

8.      Allstate assigned claim number 0467422788 to Plaintiff's claim that forms the basis of this suit.  Allstate inspected Plaintiff's property and found covered damages that totaled just

2

below Plaintiff's deductible.

9.    Our office began investigating this loss with a letter of representation to Allstate on April 10, 2018.  We requested a copy of the insured's Policy and declaration page(s), any letters regarding the attempted disposition of the claim along with any estimates of damages written by Allstate.  Lastly, we requested the non-privileged portion of the claim file and log notes to further evaluate this claim.  Allstate replied on April 16, 2018 and failed to provide a large portion of our reasonably requested documents.

10.    Allstate's adjuster waited ten days just to contact to the insured after receiving the claim, these dates are taken directly off the estimate written by Mr. Brent Ledet:

| Date Contacted: | 7/28/2017 8:00 PM | | |
| Date of Loss: | 5/31/2017 12:00 PM | Date Received: | 7/18/2017 8:45 PM |
| Date Inspected: | 7/29/2017 11:30 AM | Date Entered: | 7/28/2017 5:28 AM |

11.    Next, as clear evidence of their outcome-oriented conduct, Allstate began entering the contents of the estimate before they even inspected the property:

| Date Contacted: | 7/28/2017 8:00 PM | | |
| Date of Loss: | 5/31/2017 12:00 PM | Date Received: | 7/18/2017 8:45 PM |
| Date Inspected: | 7/29/2017 11:30 AM | Date Entered: | 7/28/2017 5:28 AM |

12.    Then, after inspecting this property on July 29, 2017 as noted, above, the earliest version of any letter to the insured attempting to explain their findings was authored on August 31, 2017.

13.    Despite being presented with clear extensive hail damage that totals over $37,000.00, Allstate has refused to acknowledge more than $3,400 of it.  Their investigation of the loss was not timely, it was thorough, and it was outcome-oriented as evidenced by their own conduct.

## V.
### CAUSES OF ACTION

14.     All conditions precedent to this action have occurred, been fulfilled, or have otherwise been waived or discharged.

### A.  Breach of Contract against Allstate

15.     Allstate's conduct constitutes a breach of the insurance contract between it and Plaintiff.  It is undisputed that a contract existed between Plaintiff and Allstate in the form of the Policy.   It is also undisputed that Plaintiff paid it premiums, substantially complied with all terms of the Policy, and held up its end of the bargain.  Allstate on the other hand did not hold up its end of the bargain.

16.     The Policy insures against all "direct physical loss or damage to Covered Property at the premises described in Declarations caused by or resulting from any Covered Cause of Loss." The Policy defines a covered cause of loss as all risks of direct physical loss unless excluded or limited by the Policy.

17.     It is not disputed that Plaintiff's Policy covers Windstorm and Hail damages to the property.  Despite being a covered cause of loss and extensive damages being reported, Allstate has refused to properly pay Plaintiff's claim in direct breach of the Policy.

18.     Plaintiff has sustained damages as a result of Allstate's breach of the Policy.

### B.     Noncompliance with the Texas Insurance Code

19.     As described above, Allstate's conduct and the conduct of its agents constitutes multiple violations of the Texas Insurance Code that have been legislatively determined to be Unfair Method of Competition, an Unfair Settlement Practice, and/or otherwise in violation of the Texas Insurance Code.  Section 541.151 and Section 542.060 of the Texas Insurance Code makes these violations actionable.

20.     Due to the relationship (and/or their engagement in the business of insurance) between Plaintiff, Allstate, and Mr. Ledet there were numerous obligations owed to my client under the Texas Insurance Code.[1]  Chief among these duties, these persons were obligated to:

1.  To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

2.  To promptly provide my client a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3));

3.  To affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

4.  To notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss (§ 542.056(a));

5.  To notify the claimant of the reasons that the insurer needs additional time if it cannot accept or reject within 15 business days (§ 542.056(d));

6.  To make payment within 5 business days of alerting an insured that payment would be forthcoming (§ 542.057);

7.  To not delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

21.     Neither Allstate nor Mr. Ledet fulfilled these duties.  Briefly speaking, and as supported above, a written claim was undoubtedly made under the policy, Allstate was and continues to be liable for that claim, Allstate should have provided coverage for the claim, Allstate instead wrongfully withheld policy benefits and along the way violated the Texas Insurance Code as this petition describes, and that has caused and resulted in actual damages to Plaintiff.

22.     Plaintiff seeks to recover actual damages, and in addition to the amount of the

---

[1] As you are undoubtedly aware, my client is also a "person" under the Texas Insurance Code, which gives it standing to bring claims under the Texas Insurance Code.

claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees.  Plaintiff also seeks pre-judgment interest.

C.     **Breach Of The Duty Of Good Faith And Fair Dealing**

23.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing it owes to the Plaintiff.

24.     In the insurance context, a special relationship arises because of the parties' unequal bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of their insured's' misfortunes in bargaining for settlement or resolution of claims. An insurance company has exclusive control over the evaluation, processing, and denial of claims, and without this duty insurers could arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed.

For these reasons, a duty exists.  Plaintiff contends Allstate breached its duty of good faith and fair dealing:

   a.   Because there was no reasonable basis for Allstate to deny Plaintiff's claim;

   b.   Because there was no reasonable basis for Allstate to delay of Plaintiff's claim;

   c.   Because Allstate failed to determine whether there was any reasonable basis to deny and delay Plaintiff's claim;

   d.   Because Allstate failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim even though its liability was reasonably clear; and

   e.   Because Allstate refused to pay a claim without conducting a reasonable investigation of the claim.

25.     Allstate' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of

reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

26. Allstate' breach of the duty of good faith and fair dealing has proximately caused damages for the Plaintiff.

## VI.
### KNOWLEDGE

27. Each of the acts described above, together and singularly, was done "knowingly" by Allstate and its agents as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
### DAMAGES

28. Plaintiff intends to show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff. Plaintiff contends its damages were the natural, probable, and foreseeable consequence of Allstate' breach of the policy.  Plaintiff contends that Allstate' violations of the duty of good faith and fair dealing were the proximate cause of Plaintiff's damages.  Lastly, Plaintiff also contends Allstate' actions in violation of the Texas Insurance Code were the producing cause of Plaintiff's damages. These damages are a direct result of Allstate' mishandling of Plaintiff's claim in violation of the laws set forth above.

29. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with reasonable and necessary attorney's fees.

30. For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and reasonable and necessary attorney's fees. For knowing conduct of the acts

7

described above, Plaintiff seeks three times the actual damages. Tex. Ins. Code §541.152.

31.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as the applicable interest per annum on the amount of such claim as damages, together with reasonable and necessary attorney's fees. Tex. Ins. Code §542.060.

32.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to exemplary damages. Allstate has actual awareness of its liability under the policy, but is choosing to ignore that liability, deny the claim, and delay the claim. This warrants the imposition of exemplary damages.

33.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Proper notice of the claim has been sent to the relevant parties. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the appropriate appellate bodies.

## VIII.

### REQUEST FOR DISCLOSURES

34.    Pursuant to Rue 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Allstate provide the information required in a Request for Disclosure.

## IX.

### FIRST REQUEST FOR PRODUCTION TO ALLSTATE

35.    Pursuant to Rue 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Allstate respond to the following Request for Production:

      a.  Produce the Allstate' complete claim file (excluding all privileged portions) for claim no. 0467422788 made against the Policy.  This request seeks documents

made on or before May 31, 2017 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

b.   Produce all non-privileged emails and other forms of communication from or to Allstate, Mr. Brent Ledet, any of their agents, employees who worked on or were involved Plaintiff's claim no. 0467422788.  This request seeks documents made on or before May 31, 2017 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

c.   Produce a copy of the underwriting file for the Policy.  This request seeks documents made on or before the inception of this Policy and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

d.   Produce all documents and communications provided to Mr. Brent Ledet before, during, and after his initial inspection.

e.   Produce all documents and communications reviewed by Allstate or Brent Ledet when coming to a claim determination.

## X.

36.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Allstate be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Allstate for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment as allowed by the applicable statute; for pre-

judgment interest; and, for such other and further relief, in law or in equity, either general or special against Allstate, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CROWELL & KUCERA, PLLC**
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone:     (512) 870-7099
Facsimile:     (512) 388-9520

BY: /s/ *Benjamin R. Crowell III*
        BENJAMIN R. CROWELL III
        State Bar No. 24087360
        ben@ck-firm.com
        BRENNAN M. KUCERA
        State Bar No. 24076491
        brennan@ck-firm.com

ATTORNEYS FOR ARTHUR AMBS

7/18/2019 9:31:37 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35225436
By: Ougrah Chancesas
Filed: 7/18/2019 9:31:37 AM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition _____

FILE DATE: _07/18/19_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to:  Defendant, Allstate Vehicle and Property Insurance Company _____

Address of Service:  1999 Bryan St., Ste. 900, _____

City, State & Zip:  Dallas, TX 75201-3136 _____

Agent (if applicable)  C T Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | | Newspaper_____ | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ( $12.00)** | [ ] **Capias (not an E-Issuance)** | [ ] **Attachment** | |
| [ ] **Certiorari** | [ ] **Highway Commission ( $12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | [ ] **Garnishment** | |
| [ ] **Habeas Corpus** | [ ] **Injunction** | [ ] **Sequestration** | |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)**_____ | | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** (*check one*):
[ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **CONSTABLE**
[ ] **MAIL to attorney   at:**_____

[X] **CERTIFIED MAIL by District Clerk**    [ ] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) **CAPIAS is not an E-Issuance Option**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Ben R. Crowell _____   Bar # or ID  24087360____

Mailing Address:  2028 E. Ben White Blvd. Ste. 240-2015, Austin, TX 78741

Phone Number:  (512) 870-7099 _____

7017 1450 0001 3702 2682

CAUSE NO. 201948639

RECEIPT NO.                                    75.00        CTM
          **********                           TR # 73647234

PLAINTIFF: AMBS, ARTHER                    In The    113th
          vs.                              Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY   of Harris County, Texas
                                           113TH DISTRICT COURT
                                           Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED THROUGH
    ITS REGISTERED AGENT C T CORPORATION SYSTEM

    1999 BRYAN ST STE 900   DALLAS   TX   75201 - 3136

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 18th day of July, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 18th day of July, 2019, under my hand and
seal of said Court.

Issued at request of:                      MARILYN BURGESS, District Clerk
CROWELL, BENJAMIN R III                    Harris County, Texas
2028 E BEN WHITE BLVD STE.240-2015         201 Caroline, Houston, Texas 77002
AUSTIN, TX 78741                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (512) 870-7099
Bar No.: 24087360                          Generated By: SALGADO, CAROLINA G17//11278853

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____ _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____            ADDRESS

_____            Service was executed in accordance with Rule 106
(a)ADDRESSEE                           (2) TRCP, upon the Defendant as evidenced by the
                                       return receipt incorporated herein and attached
_____                hereto at

                                   on _____ day of _____, _____
                                   by U.S. Postal delivery to _____

                                   This citation was not executed for the following
                                   reason: _____
                                           _____

                                   MARILYN BURGESS, District Clerk
                                   Harris County, TEXAS

                                   By _____, Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

N.INT.CITM.P                *73647234*

CAUSE NO.  201948639

RECEIPT NO.                          75.00      CTM
          **********               TR # 73647234

PLAINTIFF: AMBS, ARTHER                | In The  113th
            vs.                        | Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | of Harris County, Texas
                                       | 113TH DISTRICT COURT
                                       | Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED THROUGH
    ITS REGISTERED AGENT C T CORPORATION SYSTEM

    1999  BRYAN ST STE 900    DALLAS  TX  75201 - 3136

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 18th day of July, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 18th day of July, 2019, under my hand and
seal of said Court.



Issued at request of:                    MARILYN BURGESS, District Clerk
CROWELL, BENJAMIN R III                  Harris County, Texas
2028  E BEN WHITE BLVD STE.240-2015      201 Caroline, Houston, Texas 77002
AUSTIN, TX  78741                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (512) 870-7099
Bar No.: 24087360                        Generated By: SALGADO, CAROLINA  G17//11278853

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____         ADDRESS

_____         Service was executed in accordance with Rule 106
                                            (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                return receipt incorporated herein and attached
                                            hereto at
_____

                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____
                                         _____

                                         This citation was not executed for the following
                                         reason: _____
                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                    *73647234*

**Case Number: 2019-48639**

**Court: 113th**

**FILED**
Marilyn Burgess
District Clerk

JUL 2 3 2019

Time: _10:14 AM 07-23-19_
Harris County, Texas
By _D. Patel_
Deputy



U.S. Postal Service™ 2019-48639 113th
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.50                    JUL 19 2019
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
Postage
$ 1.50
Total Postage and
$ 1.00
Sent To    ALLSTATE VEHICLE AND PROPERTY
           INSURANCE COMPANY
Street and Apt No.  c/o C T CORPORATION SYSTEM
           1999 BRYAN ST STE 900
City, State, ZIP+4  DALLAS TX 75201 - 3136

PS Form 3800, April 2015    See Reverse for Instructions

7017 1450 0001 3702 2682

Unofficial Copy Office of Harris County District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
c/o C T CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201 - 3136

|||||||||||||||||||||||||||||||||||||||||
9590 9402 4264 8121 7956 47

2. Article Number *(Transfer from service label)*

7017 1450 0001 3702 2682

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
hns W

C. Date of Delivery
MAY 22 2019

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2019-48639      113th

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...estricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING #

9590 9402 4264 8121 7956 47

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 AUG -1  AM 6: 57

08-01-19

BY_____
MAIL PROCESSING ADMIN

° Sender: Please print your name, address, and ZIP+4® in this box•

**MARILYN BURGESS, DISTRICT CLERK**
**HARRIS COUNTY, TEXAS**
**CIVIL INTAKE**
**P.O. BOX 4651**
**HOUSTON, TEXAS 77210**

Unofficial Copy Office of Marilyn Burgess

8/7/2019 2:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35773931
By: Lisa Thomas
Filed: 8/7/2019 2:43 PM

CAUSE NO. 201948639

| | |
|---|---|
| ARTHUR AMBS, | IN THE DISTRICT COURT |
| Plaintiff(s), | |
| vs. | 113TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | |
| Defendant(s). | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiffs failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Ambs vs. Allstate
Defendants' Original Answer and Request for Disclosure
0467422788.1

Page **1** of 4

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Ambs vs. Allstate
Defendants' Original Answer and Request for Disclosure
0467422788.1

Page **2** of **4**

service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Ambs vs. Allstate
Defendants' Original Answer and Request for Disclosure
0467422788.1

Page **3** of **4**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendants' Original Answer has been delivered to all interested parties on the 7th day of

August, 2019, to:

Attorney for Plaintiff, Ambs
Benjamin R. Crowell III, Esq.
Brennan M. Kucera, Esq
Crowell & Kucera, PLLC
2028 E Ben White Blvd Ste 240-2015
Austin TX 78741                                    *VIA E-SERVE*

**MICHAEL MAUS**

Ambs vs. Allstate
Defendants' Original Answer and Request for Disclosure
0467422788.1

Page **4** of **4**